UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TONY DARNELL HARRIS #366934,

    Plaintiff,

v.                                                                          Case No. 2:17-cv-00024

                                                        HON. GORDON J. QUIST

UNKNOWN FELDPAUSCH, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by former state prisoner Tony Darnell Harris pursuant to 42 U.S.C. § 1983. Plaintiff alleges that while he was confined at the Chippewa Correctional Facility, Defendants Corrections Officer Feldpausch, Nurse Amanda M. Kabke, and Nurse Walker violated his Constitutional rights. Defendants Kabke and Walker filed a motion for summary judgment (ECF No. 39).[1] Plaintiff did not file a response.

        Plaintiff alleges that on July 2, 2016, he was carrying a hot cup of tea while entering his cell. Defendant Feldpausch was operating the control panel that mechanically closed cell doors. Plaintiff's cell door was partially open when he first started to enter, but the door suddenly closed causing him to spill the hot tea on his hand and wrist. Plaintiff alleges that he suffered with at least second degree burns with permanent scarring on his hand.

        Plaintiff was examined that evening by Defendant Kabke. Defendant Kabke told Plaintiff that he had a first-degree burn similar to a sunburn. Plaintiff requested a cream to treat

---

[1] Plaintiff named Defendant Walker as Defendant Walters in his complaint.

the swelling and pain. Defendant provided a cream that Plaintiff "interpreted" as "adult diaper cream." Defendant Kabke also gave Plaintiff a "handful of Ibuprofen" to take every four to six hours and to run his hand under cold water throughout the day. Plaintiff indicates that he was skeptical and suspicious after the examination and recommended treatment. Defendant Kabke told Plaintiff that she would not document the injury because it was superficial and that Plaintiff would be charged a $5.00 copay. Plaintiff continued to experience pain and the next day blisters formed on the burned area of his hand.

Later that morning, Plaintiff was examined by Defendant Walker. Defendant Walker stated that the burn injury was superficial and a first-degree burn. Defendant Walker put "Silvadene" cream on the burn. Plaintiff states that Defendant Kabke had told him that "Silvadene" cream was not for first-degree burns and needed doctor approval. Plaintiff complains that Defendant Walker failed to properly apply the cream to his entire burn area. Plaintiff believes that Defendant Walker's treatment was inadequate. Defendant Walker indicated that the burn was not severe enough for a statement and that Plaintiff would be charged a $5.00 copay for her visit.

The next day, when Plaintiff removed the dressing, the top layer of skin peeled off revealing pink flesh. Plaintiff was informed by a health care nurse that his burn was severe and that "Silvadene" cream on the entire burn area was the correct manner to treat the burn. Plaintiff believes that Defendants Kabke and Walker purposely failed to give him proper treatment and stated that his injury was not severe in order to avoid filing paperwork and take required photographs of the injury. In addition, Plaintiff believes that Defendants Kabke and Walker covered-up the incident and injury in order to protect Defendant Feldpausch from an investigation and reprimand.

2

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25.  The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).  The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)).  However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52.  Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants Kalbe and Walker argue that Plaintiff cannot establish that they were deliberately indifferent to Plaintiff's medical needs in violation of the Eighth Amendment.  The

Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes.  U.S. Const. amend. VIII.  The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency.  *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976).  The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner.  *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious.  *Id.*  In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.  *Id.*  The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004).  If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore v. Kalamazoo Cnty*., 390 F.3d 890, 898 (6th Cir. 2004), the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty*., 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834).  Deliberate indifference "entails something

4

more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a

5

prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster v. Saginaw Cnty.*, 749 F.3d 437, 448 (6th Cir. 2014); *Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2013) (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)).

Plaintiff was examined by Defendant Kabke on July 2, 2016 for a first degree burn on Plaintiff's right hand. (ECF No. 39-1, 243). Plaintiff was assessed with "alteration of skin integrity. Related to: burn/sunburn." Plaintiff was provided with Ibuprofen and a cool compress. *Id.* Plaintiff's hand was placed under cold running water. His skin was intact with no abrasions, blistering or secondary injury. (ECF No. 39-1, PageID.246). Plaintiff was instructed to use a cold compress 20 minutes on, 20 minutes off, to use Motrin every 4-6 hours, keep his hand out of direct sunlight, and to use caution to not re-injure or burn. Plaintiff was told to contact health care if needed. *Id.* The next day, Defendant Walker visited Plaintiff in his unit. Defendant Walker described the burn area as superficial and concluded that it would heal on its own. Plaintiff argued about the severity of his burn with Defendant Walker and wanted the burn area covered. Defendant Walker informed Plaintiff that the normal procedure is not to cover a burn area unless it is draining. Based upon Plaintiff's request, Defendant Walker placed Silvadene cream on the blister and

covered it with a non-adhesive dressing. (ECF No. 39-1, PageID.248). Defendant Walker informed Plaintiff that he should contact health care if further care was needed. *Id*.

Plaintiff was seen by a nurse on July 4, 2016. Plaintiff was extremely argumentative and yelling during the examination. (ECF No. 39-1, PageID.254). At that time, Plaintiff showed signs of infection with increased swelling and pain. A daily dressing change was ordered by the doctor until the area healed. (ECF No. 39-1, PageID.250, 252, 254). On July 5, 2016, no infection was noted. (ECF No. 39-1, PageID.255). Plaintiff received daily care until the wound healed. (ECF No. 39-1, PageID.264).

In the opinion of the undersigned, Plaintiff has failed to establish that Defendants Kabke and Walker acted with deliberate indifference to his medical needs. Defendant Kabke examined Plaintiff on the day he burned his hand and indicated that he had a first-degree burn. Defendant Kabke gave Plaintiff specific instructions to use a cold compress and pain medication, and to contact health care if there were changes to his condition. Plaintiff was examined the next day by Defendant Walker. At that time, Plaintiff was argumentative and insisted that the wound should be covered. Defendant Walker noted that the wound site had one blister. Defendant Walker used Silvadene cream and covered the burn area. Plaintiff was not seen by either Defendant again. Plaintiff continued to receive health care until the burn area did not need additional treatment. It appears that Defendants Kabke and Walker provided appropriate treatment. Plaintiff has not presented any evidence that Defendants acted with deliberate indifference. Plaintiff disagrees with the treatment that he received from Defendants Kabke and Walker, and with their assessment of his burn injury. At best, Plaintiff has presented a simple claim of negligence that does not arise to the level of an Eighth Amendment violation.

7

In addition, Defendants Kabke and Walker assert that they are entitled to the defense of qualified immunity.  "Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Phillips v. Roane County*, 534 F.3d 531, 538 (6th Cir.2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Determining whether the government officials in this case are entitled to qualified immunity generally requires two inquiries: "First, viewing the facts in the light most favorable to the plaintiff, has the plaintiff shown that a constitutional violation has occurred?  Second, was the right clearly established at the time of the violation?" *Id.* at 538-39 (citing *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir.2006)); *cf. Pearson v. Callahan*, 555 U.S. 223 (2009) (holding that the two-part test is no longer considered mandatory; thereby freeing district courts from rigidly, and potentially wastefully, applying the two-part test in cases that could more efficiently be resolved by a modified application of that framework).  In the opinion of the undersigned, in viewing the facts in the light most favorable to Plaintiff, Plaintiff has failed to establish a violation of his constitutional rights.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendants' motion for summary judgment.  Accordingly, it is recommended that Defendants' Motion for Summary Judgment (ECF No. 38) be granted dismissing Defendants Kabke and Walker.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

       /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   October 22, 2018